LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARONDA GRAHAM, individually and as sucessor-in-interest; SHAR'RHONDA DAVIS, individually and as sucessor-in-interest; and DEBORAH JEFFERY, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, DEPUTY GRIMES; DEPUTY RANIAG; DEPUTY AUSTIN, DEPUTY GRIFFITH;  and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 10cv5059 DDP (FFMx)<br><br>**PLAINTIFF DEBORAH JEFFERY'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  January 25, 2011<br>Time:  10:00 a.m.<br>Crtrm:  3<br><br>*Honorable Dean D. Pregerson* |

Plaintiff, Deborah Jeffery, hereby submits her Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint brought pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6).  Plaintiff's Opposition is based on the attached Memorandum of Points and Authorities, the pleadings and papers filed in

1 this action, oral argument, and upon any matters that the Court deems appropriate on
2 the day of the hearing.

4 DATED: January 4, 2011          LAW OFFICES OF DALE K. GALIPO

6                    By  /s/ Dale K. Galipo
7                        Dale K. Galipo
                         Attorney for Plaintiff
8                        DEBORAH JEFFERY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of an incident occurring on July 4, 2009, when Reynard Davis ("Mr. Davis") died after being tased and physically restrained in the hobble position by several Los Angeles County police officers. Prior to Mr. Davis's death, Plaintiff Deborah Jeffery ("Ms. Jeffery") and Mr. Davis were engaged to be married. Ms. Jeffery was deeply attached and committed to Mr. Davis, and, because of Defendants' conduct, Ms. Jeffery has been deprived of Mr. Davis's life-long comfort, support, society, care, and sustenance.

In their Motion to Dismiss, Defendants contend that Ms. Jeffery's First Amended Complaint should be dismissed in its entirety. Specifically, under Rule 12(b)(1), Defendants argue that Ms. Jeffery does not have standing to assert a First Amendment claim for a violation of her right to freedom of association with Mr. Davis. Defendants further contend that Ms. Jeffery has failed to state a claim upon which relief can be granted under Rule 12(b)(6). For the reasons outlined below, these arguments are without merit.

## II. STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See*, *e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). At a constitutional minimum, standing requires the party invoking federal jurisdiction to show that it has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted).

A motion brought under Rule 12(b)(6) is similar to the common law general demurrer: it tests the legal sufficiency of the claim or claims stated in the complaint.

1  The Court must decide whether the facts alleged, if true, would entitle plaintiffs to
2  some form of legal remedy.  Unless the answer is unequivocally no, the motion must
3  be denied.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *De La Cruz v. Tormey*,
4  582 F.2d 45, 48 (9th Cir. 1978).  Dismissal of an action pursuant to Rule 12(b)(6) of
5  the Federal Rules of Civil Procedure is appropriate only where it "appears beyond
6  doubt that the plaintiff can prove no set of facts in support of his claim which would
7  entitle him to relief."  *Levine v. Diamanthuset*, *Inc.*, 950 F.2d 1478, 1482 (9th
8  Cir.1991) (quoting, *Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)).  A cause of
9  action should be dismissed only where there is either, "a lack of a cognizable legal
10 theory," or "the absence of sufficient facts alleged under a cognizable theory."
11 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.   ARGUMENT

In arguing that the Court should dismiss Ms. Jeffery's Complaint in its entirety, Defendants misstate the applicable legal principles and standards governing Ms. Jeffery's properly pled claim for a violation of her First Amendment rights. Defendants' arguments and the cases upon which they rely speak only to standing as it relates to a claim for interference with familial relationship in violation of the due process clause of the Fourteenth Amendment.  However, Defendants seek dismissal of a claim that Ms. Davis does not bring.   Rather, Ms. Jeffery alleges a claim for interference with her freedom of association—a claim which arises under the First Amendment.  Defendants cite to no authority to support dismissal of Ms. Jeffery's First Amendment claim.

As the Supreme Court has held, "the First Amendment protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" *Board of Dir. v. Rotary Club*, 481 U.S. 537, 545 (1987).  "The First Amendment, while not expressly containing a 'right of

association,' does protect 'certain intimate human relationships,' as well as the right to associate for the purposes of engaging in those expressive activities otherwise protected by the Constitution." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995).

Only relationships distinguished by "such attributes as relative smallness, a high degree of selectivity in decisions to begin and maintain the affiliation, and seclusion from others in critical aspects of the relationship" give rise to the constitutional protection. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 620 (1984). Importantly, the Ninth Circuit has reasoned that the First Amendment's safeguard of the freedom to intimately associate is not limited to merely the husband-wife and parent-child context, but it also encompasses "dating and other social associations to the extent that they are expressive." *IDK, Inc. v. Clark County*, 836 F.2d 1185, 1194 (9th Cir. 1988); *Matusick v. Erie County Water Authority*, 2010 WL 2431077, at *8 (W.D.N.Y. Feb. 22, 2010) (noting that the Ninth Circuit has reasoned that the First Amendment right of association extends to individuals involved in an intimate relationship, "such as fiancés.") (citing *Wittman v. Saenz*, 108 Fed.Appx. 548, 549 (9th Cir. 2004) (unpublished disposition)). *See also Tillman v. City of West Point, Miss.*, 953 F.Supp. 145, 151 (N.D. Miss. 1996) (finding that even some friendships can rise "to such a level as to create protected intimate First Amendment association"); *Kicklighter v. Evans Cnty. Sch. Dist.*, 968 F.Supp. 712, 720 (S.D. Ga. 1997) ("In the Eleventh Circuit, 'dating' is associational activity protected by the First Amendment.") (citing *Wilson v. Taylor*, 733 F.2d 1539, 1544 (11th Cir.1984)); *Gardner v. Barry*, 2010 WL 4853885, at *5 (M.D. Pa. Nov. 23, 2010) ("Indeed, dating may qualify as an association activity protected by the First Amendment.").

Here, Ms. Jeffery alleges in her First Amended Complaint that she was Mr. Davis's fiancé. The committed and exclusive relationship between two people who are engaged to be married involves deep attachments and personal expressions of thoughts, experiences, and beliefs. As supported by the precedent outlined above,

the relationship between a fiancé and the partner to whom she is engaged is precisely the type of close and intimate association protected from unwarranted state interference under the First Amendment. *Cf. Orozco v. County of Monterey*, 941 F.Supp. 930, 937 (N.D. Cal. 1996 ) ("where a complaint does not allege a close, intimate relationship of the type recognized as protected in the Supreme Court's decision in *Roberts*, but merely characterizes plaintiff's associates as friends and acquaintances the complaint fails to state a claim of any protected right of intimate association") (internal quotations and citations omitted). Moreover, Ms. Jeffery has alleged that Defendants violated her right to freely associate with Mr. Davis when several Los Angeles County police officers killed Mr. Davis by exercising unconstitutional excessive force against him, and that she has suffered permanent loss as a result. These facts as alleged would entitle her to relief, and are therefore sufficient to support her First Amendment claim under the applicable Federal Rules of Civil Procedure. Defendants provide no authority to the contrary.

Accordingly, Ms. Jeffery has standing to bring a claim against Defendants for a violation of her freedom of association, and has stated a cognizable legal theory under which this Court may grant relief.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss Plaintiff's First Amended Complaint in its entirety.

DATED: January 4, 2011    LAW OFFICES OF DALE K. GALIPO

By /s/ Dale K. Galipo
Dale K. Galipo
Attorney for Plaintiff
DEBORAH JEFFERY