O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARONDA GRAHAM, individually and as successor-in-interest; SHAR'RHONDA DAVIS, individually and as successor-in-interest; and DEBORAH JEFFERY, individually,<br><br>          Plaintiffs,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, DEPUTY GRIMES; DEPUTY RANIAG; DEPUTY AUSTIN, DEPUTY GRIFFITH,<br><br>          Defendants. | Case No. CV 10-05059 DDP (Ex)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Motion filed on 12/8/2010] |

    Presently before the court is Defendants' Motion to Dismiss First Amended Complaint of Deborah Jeffrey. Having considered the submissions of the parties, the court denies the motion and adopts the following order.

**I. Background**

    Plaintiff Deborah Jeffery ("Jeffery") was engaged to be married to Reynard Davis ("Davis.") (First Amended Complaint ("FAC") ¶ 4). On July 4, 2009, Davis was physically restrained and

tased by the individual Defendants, who are peace officers employed by the County defendant. (FAC ¶¶ 5, 16). The FAC alleges that Defendants used unlawful force against Davis, resulting in Davis's death. (FAC ¶¶ 17, 22). Davis's mother, sister, and Jefferey filed this civil rights suit, alleging ten causes of action. Of these, Jefferey brings only one cause of action, the Fourth Claim for Relief for Interference with Familial Relationship and Freedom of Association, in violation of 42 U.S.C. § 1983. (FAC ¶ 53). Defendants now move to dismiss Jeffery from the FAC for lack of standing under Federal Rule of Procedure 12(b)1 and 12(b)(6).

**II. Legal Standard**

Standing pertains to a federal court's subject matter jurisdiction, and may therefore be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). Where the jurisdictional issue is separate from the merits of the case, the court may evaluate the merits for itself, without presuming a plaintiff's allegations as true. Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

1     In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), the
2  Supreme Court explained that a court considering a 12(b)(6) motion
3  should first "identify[] pleadings that, because they are no more
4  than conclusions, are not entitled to the assumption of truth."
5  <u>Id.</u>  Next, the court should identify the complaint's "well-pleaded
6  factual allegations, . . . assume their veracity and then determine
7  whether they plausibly give rise to an entitlement to relief."
8  <u>Id.</u>; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th
9  Cir. 2009) ("In sum, for a complaint to survive a motion to
10 dismiss, the non-conclusory factual content, and reasonable
11 inferences from that content, must be plausibly suggestive of a
12 claim entitling the plaintiff to relief" (internal quotation marks
13 omitted)).
14 **III.  Discussion**
15     Defendants argue that only spouses, parents, and children of
16 decedents may bring constitutional claims for loss of companionship
17 and society under 42 U.S.C. § 1983 .  (Motion at 3).  Because
18 Jefferey was merely the fiancé of the decedent, Defendants assert,
19 she lacks standing to bring the Fourth Claim for Relief.  The court
20 disagrees.
21     In <u>Ward v. City of San Jose</u>, the Ninth Circuit adopted the
22 Seventh Circuit's rule that, unlike parents or children, siblings
23 do not possess a Fourteenth Amendment liberty interest in
24 companionship.  <u>Ward v. City of San Jose</u>, 967, F.2d 280, 283-284
25 (9th Cir. 1991) (citing <u>Bell v. City of Milwaukee</u>, 746 F.2d 1205,
26 1248 (7th Cir. 1984), <u>overruled</u> <u>by</u> <u>Russ v. Watts</u>, 414 F.3d 783 (7th
27 Cir. 2005).  In so doing, the Ninth Circuit, like the Seventh
28 Circuit, expressed an unwillingness "to attach constitutional

3

significance to [emotional] attachments outside the closely guarded parent-child relationship." Bell, 746 F.2d at 1247; See also Rentz v. Spokane County, 438 F.Supp.2d 1252, 1265 (E.D. Wash. 2006) (applying Ward and dismissing siblings' 14th Amendment claim); Palacios v. City of Oakland, 970 F.Supp. 732, 745 (N.D. Cal. 1997).

Here, however, Jefferey does not bring a 14th Amendment companionship claim. The Fourth Claim for Relief states, "DEBORAH JEFFERY also had a cognizable interest under the Free Association Clause of the First Amendment of the United States Constitution to continued association with her fiancé, DECEDENT." (FAC ¶ 53). "As a result of the excessive force by Defendants . . . Plaintiff DEBORAH JEFFERIES [sic] was deprived of her constitutional right and freedom of association with her fiancé, DECEDENT. (FAC ¶ 54). "Defendants . . . thus violated the Fourteenth [] Amendment rights of CARONDA GRAHAM AND SHAR'RHONDA DAVIS . . . and the First Amendment rights of DEBORAH JEFFERY . . . ." (FAC ¶ 55).

It is well established that "implicit in the right to engage in activities protected by the First Amendment [is] a corresponding right to associate with others . . . ." Roberts v.United States Jaycees, 468 U.S. 609, 622 (1984). The Ninth Circuit, applying Roberts, has held that "dating and other social activities are worthy of some protection under the first amendment . . . ." IDK, Inc. v. Clark County, 836 F.2d 1185, 1194 (9th Cir. 1988). The First Amendment protects "certain intimate human relationships . . . that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." Freeman v. City of

4

1  Santa Ana, 68 F.3d 1180, 1188 (9th Cir. 1995) (citing Board of
2  Directors of Rotary Int'l v. Rotary Club, 481 U.S. 537, 545 (1987)
3  (internal quotation marks omitted).  Jeffery's relationship with
4  Davis, her fiancé, was sufficiently personal and intimate to merit
5  the protection of the First Amendment, under which Jeffery has
6  standing to pursue her claim.  See Matusick v. Erie County Water
7  Authority, 2010 WL 2431077 at *8 (W.D.N.Y. 2010) (discussing
8  extension of First Amendment right of intimate association to
9  fiancés).

**IV.  Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss First Amended Complaint of Plaintiff, Deborah Jefferey, is DENIED.

IT IS SO ORDERED.


Dated: August 25, 2011

                              DEAN D. PREGERSON
                              United States District Judge