**O**

CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARONDA GRAHAM, individually and as successor-in-interest; SHAR'RHONDA DAVIS, individually and as successor-in-interest; and DEBORAH JEFFERY, individually,<br><br>                    Plaintiffs,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, DEPUTY GRIMES; DEPUTY RANIAG; DEPUTY AUSTIN, DEPUTY GRIFFITH,<br><br>                    Defendants. | Case No. CV 10-05059 DDP (Ex)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS FEES IN PART**<br><br><br>[Dkt. No. 73] |

Presently before the court is Defendants' Motion for Attorney Fees.  Having considered the submissions of the parties and heard oral argument, the court grants the motion in part and adopts the following order.

**I.   Background**

This action arises from the death of Raynard Davis ("Davis") following an encounter with Los Angeles County Sheriff's deputies, during which Davis was tased twice in the chest.  After determining

1  that there were no triable issues of fact, this court granted

2  summary judgment in favor of Defendants.  Defendants now seek to

3  recover certain fees incurred as a result of Plaintiffs' allegedly

4  improper failures to adequately respond to Defendants' requests for

5  admission.

6  **II.  Legal Standard**

7      Federal Rule of Civil Procedure 37(c)(2) provides in relevant

8  part:

> If a party fails to admit ... the truth of any matter as
> requested under Rule 36, and if the party requesting the
> admissions thereafter proves ... the truth of the matter,
> the requesting party may apply to the court for an order
> requiring the other party to pay the reasonable expenses
> incurred in making that proof, including reasonable
> attorney's fees. The court shall make the order unless it
> finds that (A) the request was held objectionable
> pursuant to Rule 36(a), or (B) the admission sought was
> of no substantial importance, or (C) the party failing to
> admit had reasonable ground to believe that the party
> might prevail on the matter, or (D) there was other good
> reason for the failure to admit.

16  Fed.R.Civ.P. 37(c)(2); see also Marchand v. Mercy Med. Ctr., 22

17  F.3d 933, 936 (9th Cir. 1994).  Courts regularly entertain Rule 37

18  motions both post-trial and following the grant of summary judgment

19  in favor of a requesting party. See, e.g., Read-Rite Corp. V.

20  Burlington Air Express, Inc., 183 F.R.D. 545 (N.D. Cal. 1998);

21  Keithley v. The Home Store.com, Inc., No. C-03-04447 SI, 2008 WL

22  2024977 at *2 (N.D. Cal. May 8, 2008); Mane v. Tri-City Healthcare

23  Dist., No. 05cv397-WQH, 2007 WL 935624 (S.D. Cal. Mar. 21, 2007);

24  Mut. Serv. Ins. Co. v. Frit Inds., Inc., 358 F.3d 1312 (11th Cir.

25  2004); Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc., 164

26  F.3d 623 (4th Cir. 1998); Warren Pub. v. Spurlock, 645 F.Supp.2d

27  402, 445 (E.D. Pa. 2009);  Long v. Howard, 561 F.Supp.2d 85, 93

28

2

1  (D.D.C. 2008); <u>Firestone v. Hawker Beechcraft Int'l Serv. Co.</u>, No.

2  10-1404-JWL, 2012 WL 899270 (D. Kan. Mar. 16, 2012).

3       In addition, Federal Rule of Civil Procedure 26(g) requires

4  counsel to certify that a particular discovery response is

5  consistent with the law and rules of civil procedure, proper, and

6  reasonable.  Fed. R. Civ. P. 26(g)(1)(B).  Unjustified violation of

7  this rule may result in an order requiring a party or counsel to

8  pay the reasonable expenses caused by the violation, including

9  fees.  Fed. R. Civ. P. 26(g)(3); <u>see also Appling v. State Farm</u>

10 <u>Mut. Auto Ins. Co.</u>, 340 F.3d 769, 785-86 (9th Cir. 2003).

11 **III. Discussion**

12      Defendants seek their expenses for twenty-six requests for

13 admission that, Defendants argue, Plaintiffs unjustifiably refused

14 to admit, and which were ultimately proven.

15      Defendants served Plaintiffs with requests for admission on

16 April 22, 2011, well after the filing of the complaint but before

17 the taking of any depositions.  As explained in this court's Order

18 granting summary judgment, excessive forces cases such as this one,

19 where a key witness (in this case, Decedent) is unavailable,

20 sometimes turn on the credibility of witness-defendants.  As

21 discussed more fully on the record, the majority of the requests at

22 issue here inquired not after objective facts, but rather after

23 contentious, relatively subjective matters.  (e.g. Request for

24 Admission No. 20: "Admit that . . . [Decedent] refused to comply

25 with the instructions of . . . Deputies.") Given the early stage of

26 the proceedings and the nature of the suit and relevant

27 information, Plaintiffs had reasonable grounds to believe they

28

1  would prevail and good reason to deny the majority of the requests
2  at issue here.

3      Certain requests for admission, however, more properly focused
4  their inquiry on discrete, objective matters that should not have
5  been denied.  Request for Admission No. 52, for example, asked
6  Plaintiffs to admit that a specific laboratory test obtained at
7  Antelope Valley Hospital was positive for the presence of alcohol.
8  Requests 54, 55, and 56 sought identical admissions with respect to
9  cocaine, cannabis, and phencyclidine.  Request 61 asked Plaintiffs
10  to admit that the coroner's report concluded that Decedent died as
11  a result of "Consequences of Drug Induced Excited Delirium."

12      In response to each of these five requests, Plaintiffs
13  responded with a boilerplate, meritless objection that the request
14  was compound, vague, and ambiguous.  Plaintiffs further objected
15  that discovery was ongoing, and that they lacked sufficient
16  information on which to either admit or deny the request for
17  admission. This objection too was unjustified.  At the time
18  Plaintiffs submitted their responses, they were already in
19  possession of the autopsy report, police reports, and Decedent's
20  hospital records.  As Plaintiffs' counsel acknowledged at trial,
21  Plaintiffs possessed sufficient information to respond to these
22  five very narrow, objective requests for admission.

23      Having concluded that Plaintiffs had no justification for
24  failing to make the five admissions described above, the court must
25  grant Defendants' requests for the reasonable expenses incurred in
26  proving the matters that should have been admitted.  Fed. R. Civ.
27  P. 37(c)(2).  As described above, Requests 52, 54, 55, 56 and 61
28  were fairly straightforward, and did not require extraordinary

proof.   The court concludes that Defendants' counsel reasonably expended one hour of effort proving each of the five improperly denied Requests.   The court finds Defendants' requested rate of $155.00 per hour for attorneys' fees reasonable.   Accordingly, Plaintiffs and their counsel are ordered to reimburse Defendants the $775.00 reasonably expended as a result of Plaintiffs' unjustified failure to admit to the five issues discussed herein. Fed. R. Civ. P. 37(c)(2); Fed. R. Civ. P. 26(g).

**IV.   Conclusion**

For the reasons stated above, Defendants' fee motion is GRANTED in part.   Defendants shall recover from Plaintiffs and their counsel fees in the amount of $775.00

IT IS SO ORDERED.

Dated: October 30, 2012

DEAN D. PREGERSON
United States District Judge