1

2

3                                                              O

4                                                         CLOSED

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   CARONDA GRAHAM, individually  )   Case No. CV 10-05059 DDP (Ex)
     and as successor-in-          )
12   interest; SHAR'RHONDA DAVIS,  )
     individually and as           )   **ORDER GRANTING DEFENDANTS' MOTION**
13   successor-in-interest; and    )   **FOR ATTORNEYS FEES IN PART**
     DEBORAH JEFFERY,              )
14   individually,                 )
                                    )
15              Plaintiffs,         )
                                    )
16        v.                       )
                                    )   [Dkt. No. 73]
17   COUNTY OF LOS ANGELES,         )
     DEPUTY GRIMES; DEPUTY         )
18   RANIAG; DEPUTY AUSTIN,        )
     DEPUTY GRIFFITH,              )
19                                  )
                Defendants.         )
20   _____ )

21        Presently before the court is Defendants' Motion for Attorney

22   Fees.  Having considered the submissions of the parties and heard

23   oral argument, the court grants the motion in part and adopts the

24   following order.

25   **I.   Background**

26        This action arises from the death of Raynard Davis ("Davis")

27   following an encounter with Los Angeles County Sheriff's deputies,

28   during which Davis was tased twice in the chest.  After determining

that there were no triable issues of fact, this court granted

summary judgment in favor of Defendants.  Defendants now seek to

recover certain fees incurred as a result of Plaintiffs' allegedly

improper failures to adequately respond to Defendants' requests for

admission.

**II.  Legal Standard**

Federal Rule of Civil Procedure 37(c)(2) provides in relevant

part:

> If a party fails to admit ... the truth of any matter as
> requested under Rule 36, and if the party requesting the
> admissions thereafter proves ... the truth of the matter,
> the requesting party may apply to the court for an order
> requiring the other party to pay the reasonable expenses
> incurred in making that proof, including reasonable
> attorney's fees. The court shall make the order unless it
> finds that (A) the request was held objectionable
> pursuant to Rule 36(a), or (B) the admission sought was
> of no substantial importance, or (C) the party failing to
> admit had reasonable ground to believe that the party
> might prevail on the matter, or (D) there was other good
> reason for the failure to admit.

Fed.R.Civ.P. 37(c)(2); see also Marchand v. Mercy Med. Ctr., 22

F.3d 933, 936 (9th Cir. 1994).  Courts regularly entertain Rule 37

motions both post-trial and following the grant of summary judgment

in favor of a requesting party.  See, e.g., Read-Rite Corp. V.

Burlington Air Express, Inc., 183 F.R.D. 545 (N.D. Cal. 1998);

Keithley v. The Home Store.com, Inc., No. C-03-04447 SI, 2008 WL

2024977 at *2 (N.D. Cal. May 8, 2008); Mane v. Tri-City Healthcare

Dist., No. 05cv397-WQH, 2007 WL 935624 (S.D. Cal. Mar. 21, 2007);

Mut. Serv. Ins. Co. v. Frit Inds., Inc., 358 F.3d 1312 (11th Cir.

2004); Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc., 164

F.3d 623 (4th Cir. 1998); Warren Pub. v. Spurlock, 645 F.Supp.2d

402, 445 (E.D. Pa. 2009);  Long v. Howard, 561 F.Supp.2d 85, 93

(D.D.C. 2008); <u>Firestone v. Hawker Beechcraft Int'l Serv. Co.</u>, No. 10-1404-JWL, 2012 WL 899270 (D. Kan. Mar. 16, 2012).

In addition, Federal Rule of Civil Procedure 26(g) requires counsel to certify that a particular discovery response is consistent with the law and rules of civil procedure, proper, and reasonable.  Fed. R. Civ. P. 26(g)(1)(B).  Unjustified violation of this rule may result in an order requiring a party or counsel to pay the reasonable expenses caused by the violation, including fees.  Fed. R. Civ. P. 26(g)(3); <u>see also Appling v. State Farm Mut. Auto Ins. Co.</u>, 340 F.3d 769, 785-86 (9th Cir. 2003).

**III. Discussion**

Defendants seek their expenses for twenty-six requests for admission that, Defendants argue, Plaintiffs unjustifiably refused to admit, and which were ultimately proven.

Defendants served Plaintiffs with requests for admission on April 22, 2011, well after the filing of the complaint but before the taking of any depositions.  As explained in this court's Order granting summary judgment, excessive forces cases such as this one, where a key witness (in this case, Decedent) is unavailable, sometimes turn on the credibility of witness-defendants.  As discussed more fully on the record, the majority of the requests at issue here inquired not after objective facts, but rather after contentious, relatively subjective matters.  (e.g. Request for Admission No. 20: "Admit that . . . [Decedent] refused to comply with the instructions of . . . Deputies.") Given the early stage of the proceedings and the nature of the suit and relevant information, Plaintiffs had reasonable grounds to believe they

1  would prevail and good reason to deny the majority of the requests

2  at issue here.

3      Certain requests for admission, however, more properly focused

4  their inquiry on discrete, objective matters that should not have

5  been denied.  Request for Admission No. 52, for example, asked

6  Plaintiffs to admit that a specific laboratory test obtained at

7  Antelope Valley Hospital was positive for the presence of alcohol.

8  Requests 54, 55, and 56 sought identical admissions with respect to

9  cocaine, cannabis, and phencyclidine.  Request 61 asked Plaintiffs

10  to admit that the coroner's report concluded that Decedent died as

11  a result of "Consequences of Drug Induced Excited Delirium."

12      In response to each of these five requests, Plaintiffs

13  responded with a boilerplate, meritless objection that the request

14  was compound, vague, and ambiguous.  Plaintiffs further objected

15  that discovery was ongoing, and that they lacked sufficient

16  information on which to either admit or deny the request for

17  admission.  This objection too was unjustified.  At the time

18  Plaintiffs submitted their responses, they were already in

19  possession of the autopsy report, police reports, and Decedent's

20  hospital records.  As Plaintiffs' counsel acknowledged at trial,

21  Plaintiffs possessed sufficient information to respond to these

22  five very narrow, objective requests for admission.

23      Having concluded that Plaintiffs had no justification for

24  failing to make the five admissions described above, the court must

25  grant Defendants' requests for the reasonable expenses incurred in

26  proving the matters that should have been admitted.  Fed. R. Civ.

27  P. 37(c)(2).  As described above, Requests 52, 54, 55, 56 and 61

28  were fairly straightforward, and did not require extraordinary

1   proof.   The court concludes that Defendants' counsel reasonably

2   expended one hour of effort proving each of the five improperly

3   denied Requests.   The court finds Defendants' requested rate of

4   $155.00 per hour for attorneys' fees reasonable.   Accordingly,

5   Plaintiffs and their counsel are ordered to reimburse Defendants

6   the $775.00 reasonably expended as a result of Plaintiffs'

7   unjustified failure to admit to the five issues discussed herein.

8   Fed. R. Civ. P. 37(c)(2); Fed. R. Civ. P. 26(g).

9   **IV.   Conclusion**

10       For the reasons stated above, Defendants' fee motion is

11  GRANTED in part.   Defendants shall recover from Plaintiffs and

12  their counsel fees in the amount of $775.00

13

14

15  IT IS SO ORDERED.

16

17

18  Dated: October 30, 2012

19                                  DEAN D. PREGERSON
                                    United States District Judge

20

21

22

23

24

25

26

27

28

5